Filed 9/10/21  Higgins v. Yearwood CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| TIMOTHY DANIEL HIGGINS,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>STEVEN YEARWOOD,<br><br>    Defendant and Appellant. | B306502<br><br>(Los Angeles County<br>Super. Ct. No.<br>18STRO05792) |

APPEAL from an order of the Superior Court of Los Angeles County, Kimberly Dotson, Commissioner.  Affirmed.

Steven Yearwood, self-represented litigant, for Defendant and Appellant.

Johnson & Johnson, Douglas L. Johnson and Aleeza L. Marashlian for Plaintiff and Respondent.

# I. PROCEDURAL BACKGROUND

On August 31, 2018, plaintiff and respondent Timothy Higgins obtained a Civil Harassment Restraining Order After Hearing (restraining order) on behalf of himself and his brother Michael Higgins and against defendant and appellant Steven Yearwood.

On February 19, 2020, defendant filed a Notice of Hearing on Request to Terminate Civil Harassment Restraining Order. On June 18, 2020, plaintiff filed a response to defendant's request to terminate the civil harassment restraining order.

On June 29, 2020, the trial court denied defendant's request to terminate the restraining order. Defendant appeals.[1]

---

[1]  We asked the parties to submit letter briefs addressing whether defendant's appeal should be dismissed as moot as the restraining order would expire on August 31, 2021—i.e., during the pendency of his appeal. (*Citizens for the Restoration of L Street v. City of Fresno* (2014) 229 Cal.App.4th 340, 362–363, fn. omitted ["An appeal is moot if the appellate court cannot grant practical, effective relief"].) We hold that defendant's appeal is not moot because plaintiff filed a Request to Renew Restraining Order before the restraining order expired and the Notice of Hearing to Renew Restraining Order provides that the restraining order remains in effect until the hearing on plaintiff's renewal request on September 20, 2021. On our own motion, we take judicial notice of plaintiff's Request to Renew Restraining Order and Notice of Hearing to Renew Restraining Order. (Evid. Code, §§ 452, subd. (d) & 459, subd. (a).)

## II.   DISCUSSION

Code of Civil Procedure section 527.6, subdivision (a)(1) (section 527.6) "provides that a victim of 'harassment . . . may seek a temporary restraining order and an order after hearing prohibiting [the] harassment as provided in this section.'  When the Legislature enacted section 527.6, it expressly stated the statute was intended 'to protect the individual's right to pursue safety, happiness and privacy as guaranteed by the California Constitution.'  (Stats. 1978, ch. 1307, § 1, p. 4294.)"  (*Yost v. Forestiere* (2020) 51 Cal.App.5th 509, 520, fn. omitted (*Yost*).)  "An injunction restraining future conduct is only authorized when it appears that harassment is likely to recur in the future."  (*Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 496 (*Harris*).)

"[T]he determination whether to modify or terminate a civil harassment restraining order is committed to 'the discretion of the court.'  (§ 527.6, subd. (j)(1).)"  (*Yost, supra*, 51 Cal.App.5th at p. 514.)  "[A] trial court's discretion to modify [or terminate] a civil harassment restraining order includes, *but is not limited to*, the three grounds articulated in [Code of Civil Procedure] section [533].  Those grounds are (1) a material change in the facts, (2) a change in the law, or (3) the ends of justice.  [Citation.]"  (*Yost, supra*, 51 Cal.App.5th at p. 526.)

In opposition to defendant's request to terminate the restraining order, plaintiff submitted evidence that during and in violation of the restraining order, defendant sent plaintiff text messages and posted comments about plaintiff on social media. In May and June 2019 text messages, defendant asked plaintiff to pay damages for his alleged breach of an agreement settling defendant's prior employment dispute with plaintiff.  In his social

3

media posts, defendant called plaintiff, among other things, a "dark soul" and a "poor mannered thug" and accused him of committing a "hate crime."

At the hearing on defendant's request to terminate the restraining order, defendant initially explained that "[t]he only reason why I had communicated with him [plaintiff] is because he had breached the contract initially; we had settled out of court and we made an agreement."  But defendant's explanation for this initial contact, which he stated "happened in 2016," did not invite or excuse defendant's contact with plaintiff after entry of the restraining order.  Defendant admitted that he had contacted plaintiff and his brother after the issuance of the restraining order but explained that, in his view, the contacts were "not very intimidating at all.  It was very cordial."

When defendant contacted plaintiff during and in violation of the restraining order, he made clear that his harassment of plaintiff was "likely to recur in the future" (*Harris, supra*, 248 Cal.App.4th at p. 496) and demonstrated the need to keep the restraining order in place.  Accordingly, the trial court did not abuse its discretion in denying defendant's request to terminate the restraining order.  (*Yost, supra*, 51 Cal.App.5th at p. 514.)

## III.   DISPOSITION

The order is affirmed.  Plaintiff is awarded his costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM, J.


We concur:



RUBIN, P. J.



BAKER, J.

5